## A. WELLMAN, ET AL., *v.* C. HOLTON'S ADM'X.

**Chancery—Judgment—Fees of Commissioner.**
> The chancellor is not authorized to increase the claim of the creditor against the debtor by allowing two per cent. on the aggregate sum due.

### APPEAL FROM GRANT CIRCUIT COURT.

October 3, 1877.

OPINION BY JUDGE PRYOR:

We know of no law or the existence of any equitable rule by which the chancellor is authorized to increase the claim of the creditor

against the debtor by allowing two per cent. on the aggregate sum due, or to become due, in the way of commission to the master. Cases may occur where estates or moneys have been committed to the custody of receivers or other officers of the court for purposes of distribution where such an allowance would be proper, or where, by the judgment, money or property is committed to the care or control of the commissioner, the chancellor might anticipate the event and make in advance an allowance to that officer; but this case, as we understand it, is simply a petition in equity to foreclose a mortgage by the one party against the other. The plaintiff is entitled to his debt and costs, and the property is ordered to be sold to raise the amount. The commissioner has or ought to have no authority to collect it, and the note or bond of the purchaser, instead of being payable to him, should be made payable to the creditor. The party may pay the judgment before sale or the plaintiff himself may purchase the property; yet by the judgment the debtor is required to pay two per cent. upon the amount collected as a fee to the commissioner when the services for which the allowance is made have never been rendered and perhaps never can be. If when the sale is made the purchaser refuses to pay the purchase money into court or to the plaintiff, a rule may be awarded or an execution will be issued, and the purchaser will pay the costs of collection, etc. An allowance of ten dollars is all the commissioner is entitled to. This is not the character of case in which a receiver should be appointed or the commissioner authorized to collect the money. The original judgment, as well as the modified judgment of sale,. is *reversed,* and cause remanded for further proceedings consistent with this opinion.

*J. M. Collins, for appellants.*